IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DOROTHY E. TOBER,

    Plaintiff,

v.                                      Civil Action No. 5:05CV187
                                                (STAMP)

DELL FINANCIAL SERVICES, LP,
I.C. SYSTEMS, INC.,
LTD FINANCIAL SERVICES, LP and
PRIMARY FINANCIAL SERVICES, LLC,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**
**FOR LACK OF REQUISITE AMOUNT IN CONTROVERSY**
**AND DENYING WITHOUT PREJUDICE PROPOSED PROTECTIVE ORDER**

I. Background

Plaintiff, Dorothy E. Tober, brought a claim against defendants, Dell Financial Services, LP ("Dell"), I.C. Systems, Inc., LTD Financial Services, LP and Primary Financial Services, LLC, in the Circuit Court of Brooke County, West Virginia, alleging violations of the West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-1-10, et seq. ("WVCCPA"). On November 18, 2005, the defendants filed a joint notice of removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332.[1] On December 13, 2005, the plaintiff filed a motion to remand to which the defendants filed a response and the plaintiff filed a reply.

---

[1] The defendants do not contend that the plaintiff's complaint presents a federal question under 28 U.S.C. § 1331.

On April 4, 2006, defendant Dell filed a motion for entry of an agreed protective order for proprietary and confidential documents. A proposed agreed protective order was attached to the motion.

For the reasons set forth below, this Court finds that the plaintiff's motion for remand should be granted. Because this Court finds it lacks subject matter jurisdiction over this action, Dell's motion for entry of an agreed protective order must be denied without prejudice.

## II. Applicable Law

Removal of a state action to federal court is proper only where the federal court can exercise original jurisdiction over the matter at the time the petition for removal was filed. 28 U.S.C. § 1441; see also Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961); Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997). A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

The burden of establishing each element required for federal jurisdiction is placed upon the party seeking removal, and jurisdiction is strictly construed. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994); See also 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure § 3725 (3d ed. 1998). With regard to the amount in controversy, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . ." Sayre v. Potts, 32 F. Supp. 2d 881, 885 (S.D. W. Va. 1999). Accordingly, "a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000." Id. at 888.

This Court has consistently applied the "preponderance of evidence" standard to determine whether defendant have met its burden of proving the amount in controversy. Accordingly, "the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." DeAguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995), cert. denied, 516 U.S. 865 (1995). This burden of proof requires the defendant to produce evidence that establishes that the actual amount in controversy exceeds $75,000.00. See id.

Although courts strictly construe removal jurisdiction, see Mulcahey, 29 F.3d 151, the court is not required "to leave common sense behind" when determining the amount in controversy. Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 24 (S.D. W. Va. 1994). Nevertheless, unless provided with a reason, a court should not assume that a plaintiff's attorney has represented falsely, or did not appreciate, the value of his or her client's case. See id.

3

III. Discussion

In their joint notice of removal and in their response to the plaintiff's motion to remand, the defendants argue that the parties are completely diverse and that the amount in controversy exceeds the jurisdictional minimum.[2] Specifically, the defendants contend that the plaintiff has alleged 22 violations of the WVCCPA, and that the maximum civil penalty for each violation of the WVCCPA is approximately $3,900.00. The defendants also argue that attorney's fees are available under the WVCCPA and that the plaintiff seeks punitive damages.

The plaintiff maintains that her complaint, which complies with the general notice requirement of the Federal Rules, does not state with any precision the number of discrete violations that have occurred. The plaintiff argues that several allegations cited by the defendants for the purpose of realizing the jurisdictional minimum are overlapping, thus reducing the defendants' hypothetical calculation to mere speculation. Moreover, the plaintiff highlights the contention that the defendants' estimated value of this action is not based upon any real evidence.

This Court finds the plaintiff's motion to remand persuasive. To begin, it appears from the complaint and the representations of the parties that this action derives from an attempt by the

---

[2]The plaintiff does not challenge the defendants' assertion that the parties are diverse.

defendants to collect a debt related to the purchase of a $2,714.17 laptop computer. While the cost of the laptop is not dispositive of the value of this action, it does provide some indicia as to the scale of the transaction at issue and at least some indication that the sums involved are a long way from the $75,000.00 jurisdictional minimum. Settlement offers in this case -- $37,500.00 by the plaintiff and $4,000.00 by the defendant -- also give this Court reason to believe the jurisdictional minimum has not been met.

More importantly, the defendants have the burden of showing that the amount in controversy exceeds $75,000.00, and the defendants have failed to do so. First, the defendants admit that "the only firm amount in controversy that could be gleaned from the case file was $16,000.00, the value of recision of the contract in question." (Defs.' Resp. at 5.) Second, the defendants' hypothetical calculations fall short of demonstrating a factual basis for the requisite jurisdictional amount.

Specifically, the defendants' calculations are based on a loose estimate of violations that the defendants believe to be claimed by the plaintiff. However, such violations are not specifically listed in the complaint, which states only generalizations. Moreover, the defendants' numbers rests on the supposition that the plaintiff "would argue" damages for each of the defendants' hypothetical violations. "Would" is not "will" or

5

"shall" or "must," and the word underscores the speculative nature of the defendants' notice of removal and supporting brief.

The defendants then adjust for inflation using an undisclosed formula and further increase their figure pursuant to the consumer price index. Finally, the defendants aggregate the plaintiff's claims against each defendant. Only after all of these adjustments do the defendants argue that the amount in controversy has been met. In sum, while the defendants' calculation of damages in their notice of removal is creative and certainly an example of zealous advocacy, this Court finds the calculations to be too speculative for purposes of meeting their burden of proof as to the amount in controversy.

Moreover, this Court rejects the defendants' argument that attorney's fees should be included in this Court's analysis because the WVCCPA makes such fees possible. While courts have included attorney's fees where they are statutorily mandated, see e.g. <u>Foret v. Southern Farm Bureau Life Ins. Co.</u>, 918 F.2d 534, 537 (5th Cir. 1990), <u>discretionary</u> fees and costs are not necessarily included. <u>See</u> <u>Cradle v. Monumental Life Ins. Co.</u>, 354 F. Supp. 2d 632, 636 (E.D. Va. 2005). Under the WVCCPA, a court "<u>may</u> award all or a portion of the costs of litigation, including reasonable attorney fees, court costs and fees . . ." W. Va. Code § 46A-5-104 (emphasis added). Thus, attorney's fees are certainly not mandated by the act and are appropriate only where there has been "egregious

conduct." See Chevy Chase Bank v. McCamant, 512 S.E.2d 217, 227 (W. Va. 1998)(no abuse of discretion in not awarding fees where behavior not egregious). The defendants have provided no evidence that costs and fees will be awarded and have certainly not demonstrated to any degree that the defendants' conduct was egregious. Therefore, this Court believes that costs and fees in this action remain speculative at this point and should not be considered for purposes of determining the amount in controversy.

Similarly, potential punitive damages remain too speculative at this point to raise the amount in controversy to the requisite minimum. As this Court has stated in earlier opinions, the mere likelihood of punitive damages, without more, does not give rise to federal jurisdiction. Landmark Corp. v. Apogee Coal Co., 945 F. Supp. at 932, 938 (S.D. W. Va. 1996). Here, the defendants have not demonstrated that punitive damages are probable and have failed to provide a supportable estimate of how large such damages would be if assessed, if punitive damages were awarded.

Accordingly, the plaintiff's motion to remand must be granted at this time. Nothing prevents the defendants from filing a second notice of removal upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable. 28 U.S.C. § 1446(b).[3]

---

[3]Of course the defendants may not remove this action on the basis of diversity more than one year after commencement of the action. 28 U.S.C. § 1446(b).

7

Because this Court finds it does not have subject matter jurisdiction over this action, it declines to rule on Dell's motion for entry of an agreed protective order and finds that the motion must be denied without prejudice to the motion being filed in state court at the discretion of the parties.

### IV. Conclusion

For the reasons stated above, the plaintiff's motion to remand is GRANTED and Dell Financial Services, L.P.'s motion for entry of agreed protective order is DENIED WITHOUT PREJUDICE. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Brooke County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to counsel of record herein and to the Clerk of the Circuit Court of Brooke County, West Virginia.

DATED: April 25, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE